IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL COLLINS, | § | |
| TDCJ-CID NO. 428106, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-11-2938 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Michael Collins, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1)[1] challenging denial and revocation of parole. Pending before the court are Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 13),[2] Collins' Motion for a Preliminary Injunction with Brief in Support (Docket Entry No. 17),[3] and Collins' Motion for Leave to Supplement

---

[1]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Collins' Petition"), Docket Entry No. 1.

[2]Respondent Thaler's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ"), Docket Entry No. 13.

[3]Collins' Motion for a Preliminary Injunction with Brief in Support ("Collins' Motion for Preliminary Injunction"), Docket Entry No. 17.

Pleadings (Docket Entry No. 22).[4]  After reviewing the pleadings and the records, the court has determined that Respondent's MSJ should be granted, that Collins' Motion for a Preliminary Injunction should be denied, and that Collins' Motion to Supplement Pleadings should be denied without prejudice.

## I.  Procedural History and Petitioner's Claims

### A.  Procedural History

Collins is currently serving a fifty-year sentence pursuant to a state conviction for murder[5] committed on August 20, 1982.[6]  He was convicted of the murder in July of 1986 after pleading guilty in the 2nd 9th District Court of Montgomery County, Texas.[7]

---

[4]Collins' Motion for Leave to Supplement Pleadings ("Collins' Motion to Supplement Pleadings"), Docket Entry No. 22.

[5]Petitioner's Brief in Support of Application for Writ of Habeas Corpus ("Collins' Brief"), Docket Entry No. 21, pp. 6, 10; Minutes of the 2nd 9th District Court of Montgomery County, Docket Entry No. 7-1, p. 121.  The original trial court records were not included in the state court record of Collins' state habeas application.  Page citations to state court trial documents are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.  Page citations to the federal briefs are to the native page numbers at the bottom of the page.

[6]Collins' Brief, "Exhibit C" Judgment on Plea of Guilty or Nolo Contendere, Docket Entry No. 21, p. 28; Findings of Fact and Conclusions of Law, Finding of Fact No. 1, Docket Entry No. 7-1, p. 116.

[7]Id.  (NOTE: "Id." refers to all cited material in the immediately preceding footnote.)

Collins was convicted of theft on October 29, 1982.[8]  He received a five-year sentence, although the sentence was suspended and Collins was placed on probation.[9]   His probation was revoked on October 3, 1983.[10]   The sequence of events as the court understands them are as follows:

- Collins committed murder on August 20, 1982.

- Collins was convicted of theft on October 29, 1982.

- Collins' sentence for theft was suspended and Collins was placed on probation.

- Collins' probation was revoked on October 3, 1983, and Collins was incarcerated.

- Collins was released on parole in the theft charge.[11]

- Collins was convicted of murder and sentenced to fifty years' imprisonment on July 31, 1986.

- Collins was released on mandatory supervision on February 13, 2004.[12]

---

[8]Memorandum of Law in Support of Michael A. Collins', Docket Entry No. 7-1, p. 19; Application for Writ of Habeas Corpus ("Collins' State Brief"), "Exhibit B" Order Revoking Probation and Pronouncing Sentence, Docket Entry No. 7-1, pp. 35-36; Findings of Fact and Conclusions of Law, Finding of Fact No. 3, Docket Entry No. 7-1, p. 117.

[9]Id.

[10]Id.

[11]Collins' Brief, Docket Entry No. 21, p. 10; Findings of Fact and Conclusions of Law, Finding of Fact No. 3, Docket Entry No. 7-1, p. 117 ("The applicant was on parole at the time of his conviction for [murder].").

[12]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings
(continued...)

- The Texas Board of Pardons and Paroles (the "Parole Board") initiated revocation hearings three times: on April 6, 2005, on June 12, 2007, and on September 7, 2008.[13]  Each time the Parole Board decided to send Collins to an Intermediate Sanction Facility ("ISF") instead of revoking his mandatory supervision.[14]

- Collins tested positive for illegal drugs on February 3, 2009.[15]

- Collins' mandatory supervision was revoked on February 13, 2009.[16]

- The Parole Board denied Collins parole on September 22, 2010.[17]

On December 16, 2010, Collins filed a state habeas application alleging in part the instant claims.[18]  The state habeas court

---

[12](...continued)
of Fact and Conclusions of Law, Finding of Fact No. 6, Docket Entry No. 7-1, p. 117.

[13]Collins' Brief, "Exhibit A" Parole Division Adjustment Statement, Docket Entry No. 21, p. 27; Collins' State Brief, "Exhibit D" Parole Division Waiver/Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings of Fact and Conclusions of Law, Finding of Fact No. 6, Docket Entry No. 7-1, p. 117.

[14]Id.

[15]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Texas Department of Criminal Justice: Affidavit in Response to Application for Writ of Habeas Corpus, Drug and Alcohol Test Results, Docket Entry No. 7-1, p. 84.

[16]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings of Fact and Conclusions of Law, Finding of Fact No. 7, Docket Entry No. 7-1, p. 117.

[17]Collins' Brief, Docket Entry No. 21, p. 33; Findings of Fact and Conclusions of Law, Finding of Fact No. 11, Docket Entry No. 7-1, p. 118.

[18]Collins' Application for Writ of Habeas Corpus ("Collins' State Application"), Docket Entry No. 7-1, pp. 8-17.

-4-

entered findings of fact and conclusions of law,[19] which the Court of Criminal Appeals adopted when it denied Collins' application without written order on June 8, 2011.[20]

## B.  Petitioner's Claims

Collins' present petition does not challenge the validity of either of his convictions.  Instead, he challenges the lawfulness of actions of the Parole Board and by a parole officer related to his continued incarceration.  As bases for habeas relief Collins states the following due process claims:

(1) "On September 22, 2010, the Parole Board used an illegal parole revocation" in considering Collins' eligibility for parole.[21]

(2) In 1986, at the time of the murder conviction, Collins was on parole for the theft charge, and this parole was unlawfully revoked upon the murder conviction.[22]

(3) On February 6, 2009, a parole officer grossly abused his "authority and discretion" by making "false and misleading" entries in Collins' parole records.[23]

(4) On February 13, 2009, the Parole Board "used an illegal parole revocation" in the theft charge as an

---

[19]Findings of Fact and Conclusions of Law, Docket Entry No. 7-1, pp. 116-118.

[20]Action Taken, Docket Entry No. 7-1, p. 2.

[21]Collins' Brief, Docket Entry No. 21, pp. 11-14; Collins' Petition, Docket Entry No. 1, p. 7.

[22]Collins' Brief, Docket Entry No. 21, pp. 14-16; Collins' Petition, Docket Entry No. 1, p. 7.

[23]Collins' Brief, Docket Entry No. 21, pp. 16-18; Collins' Petition, Docket Entry No. 1, p. 7.

influencing factor in the revocation of Collins' mandatory supervision in the murder charge.[24]

(5) The "Parole Board failed to give timely notice" that Collins' mandatory supervision in the murder charge had been revoked, causing him "to miss the 60 day window of opportunity to appeal the Parole Board's decision to revoke his supervision."[25]

The Respondent argues that he is entitled to summary judgment on all of Collins' claims.[26]

## II.  Summary Judgment in Habeas Proceedings

When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).  However, the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") change the way in which federal courts consider summary judgment in habeas cases.

The AEDPA provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011).  In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute

---

[24]Collins' Brief, Docket Entry No. 21, pp. 18-19.

[25]Collins' Brief, Docket Entry No. 21, pp. 19-20; Collins' Petition, Docket Entry No. 1, p. 8.

[26]Respondent's MSJ, Docket Entry No. 13.

overrides the ordinary summary judgment rule.  Smith v. Cockrell,
311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by
Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)).  Therefore, a
court will accept the findings of the state court as correct unless
the habeas petitioner can rebut the presumption of correctness by
clear and convincing evidence.   28 U.S.C. § 2254(e)(1) ("The
applicant shall have the burden of rebutting the presumption of
correctness by clear and convincing evidence."); Smith, 311 F.3d at
668.

     The provisions of § 2254(d) set forth a "highly deferential
standard for evaluating state-court rulings." Lindh v. Murphy, 117
S. Ct. 2059, 2066 n.7 (1997).  A federal court cannot grant a writ
of habeas corpus with respect to any claim that was adjudicated on
the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is contrary to clearly established
federal law if the state court arrives at a conclusion opposite to
that reached by the Supreme Court on a question of law or if the
state court decides a case differently than the Supreme Court has
on a set of materially indistinguishable facts.  Williams v.
Taylor, 120 S. Ct. 1495, 1519-20 (2000).  A decision is an

unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 1523.

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fairminded jurists could disagree on the correctness of the state court's decision."  Richter, 131 S. Ct. at 786 (internal quotation marks omitted).

### III.  **Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas petitions that challenge state court judgments.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's limitations period can be tolled by a properly filed application for state post-conviction review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

U.S.C. § 2244(d)(2).

Additionally, the court may equitably toll the AEDPA's statute of limitations "in extraordinary circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). "Once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in this case." Makedwde Publ'g Co. V. Johnson, 37 F.3d 180, 182 n.4 (5th Cir. 1994) (citing Prather v. Neva Paperbacks, Inc., 446 F.3d 338, 340 (5th Cir. 1971)).

## IV. Analysis

### A. Claim (2): Upon His Murder Conviction in 1986 Collins' Parole in the Theft Charge was Unlawfully Revoked.

In Claim (2) Collins argues that in 1986 he was on parole for the 1982 theft conviction, and that his parole was revoked based on his murder conviction. Collins alleges that the parole revocation

was not lawful because the murder was committed before Collins was
released on parole.[27]

### 1.  Statute of Limitations

Although Collins' convictions occurred before the 1996
enactment of the AEDPA, the AEDPA still applies.  Flanagan v.
Johnson, 154 F.3d 196, 200 (5th Cir. 1998) (holding that
petitioners convicted prior to the effective date of the AEDPA have
one year from April 24, 1996, to file a § 2254 petition).  Habeas
petitions that are filed after the AEDPA's effective date are
governed by the provisions of the statute.  Id. at 198 (citing
Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)).

Because Collins does not challenge his conviction, or claim
that a state-created impediment prevented him from challenging the
alleged revocation of his parole in 1986, or base his petition on
a newly recognized constitutional right, subsections (A), (B), and
(C) of § 2244(d)(1) are not relevant.  Claim (2) is therefore
governed by subsection (D), which provides that the limitation
period begins to run from "the date on which the factual predicate
of the claim or claims presented could have been discovered through
the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Stone
v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) ("Subsection
2244(d)(1)(D) governs the timeliness of claims predicated on parole
decision[s].").

---

[27]Collins' Brief, Docket Entry No. 21, pp. 14-16; Collins'
Petition, Docket Entry No. 1, p. 7.

-10-

Claim (2) accrued on the date of the alleged parole revocation. However, Collins argues that his claim is timely because "the only documentation to prove" the unlawful revocation was a PSV form 32B,[28] which he claims he did not receive until December 6, 2010.[29] Collins claims to have mailed his state habeas application on the same day.[30] However, Collins has not presented the court with evidence that he exercised due diligence in discovering why his parole in the theft case was allegedly revoked. Collins does not explain why he did not attempt to discover the factual basis of his alleged 1986 revocation before the limitations period expired.

Equitable tolling will not apply because Collins has not provided the court with evidence of extraordinary circumstances preventing him from inquiring as to the reason for his alleged 1986 parole revocation during the limitations period. Collins' petition is untimely with respect to Claim (2).

Although the court has concluded that Collins' habeas petition is untimely with respect to Claim (2), the court will nevertheless consider the merits of the claim.

### 2.   Merits

State court rulings are presumed correct in federal habeas proceedings. 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 123

---

[28]Collins' Brief, Docket Entry No. 21, p. 14.

[29]Id. at 16.

[30]Id.

S. Ct. 1029, 1041 (2003) ("Factual determinations by state courts
are presumed correct absent clear and convincing evidence to the
contrary . . . .").  A state court factual decision may only be
overturned if it was "an unreasonable determination of the facts in
light of the evidence presented in the State court proceeding."  28
U.S.C. § 2254(d).  In this case, the state habeas court held that
"[t]he applicant's parole was never revoked" in the theft
conviction.[31]  The record supports this conclusion.  In an affidavit
submitted in Collins' state habeas proceeding, the Texas Department
of Criminal Justice responded to a question concerning Collins'
1982 theft charge:  "The applicant's parole was not revoked."[32]  The
affidavit referred to an October 17, 1986, letter from a Senior
Parole Analyst to the Director of the Records Office of the Texas
Department of Corrections stating that Collins ". . . was returned
to TDC from supervision with a new conviction.  However, this
offense occurred prior to release on supervision.  Therefore, the
inmate should not be considered a release violator."[33]  The relevant
evidence presented by Collins consisted of a single line written by
a parole officer in 2009.[34]  The court concludes that the state

---

[31]Findings of Fact and Conclusions of Law, Finding of Fact
No. 5, Docket Entry No. 7-1, p. 117.

[32]Affidavit of Christina Propes, Docket Entry No. 7-1, pp. 54,
55.

[33]Id. at 60.

[34]Collins' State Brief, "Exhibit A" Parole Division Adjustment
Statement, Docket Entry No. 7-1, p. 34 ("1983-Theft, 3 yrs TDCJ-ID,
revoked for present offense . . . .").

habeas court's decision was not unreasonable in light of the facts presented.  The state habeas court findings, which were adopted by the Court of Criminal Appeals,[35] warrant the grant of summary judgment because the state court findings were not unreasonable as a matter of law.  Claim (2) will be dismissed because it is time-barred and because it fails on its merits.

**B.   Claims (1) and (4)**

Claim (1) alleges that on September 22, 2010, the Parole Board used the illegal parole revocation alleged in Claim (2) in considering Collins' eligibility for parole.[36]  Claim (4) alleges that on February 13, 2009, the Parole Board used the illegal parole revocation alleged in Claim (2) as an influencing factor in the revocation of his mandatory supervision in the murder charge.[37]

   1.   <u>Statute of Limitations</u>

As was Claim (2), Claims (1) and (4) are governed by § 2244(d)(1)(D) because subsection (D) "governs the timeliness of claims predicated on parole decision[s]." <u>Stone v. Thaler</u>, 614 F.3d 136, 138 (5th Cir. 2010).  The underlying factual predicate of Claim (1) could have been discovered no earlier than September 22, 2010, the date of the Parole Board's decision to deny Collins

---

[35]Action Taken, Docket Entry No. 7-1, p. 2.

[36]Collins' Brief, Docket Entry No. 21, pp. 11-14; Collins' Petition, Docket Entry No. 1, p. 7.

[37]Collins' Brief, Docket Entry No. 21, pp. 18-19.

parole.[38]   The statute of limitations was tolled for 185 days between December 6, 2010, the time Collins claims to have mailed his state habeas application,[39] and when it was denied by the Court of Criminal Appeals on June 8, 2011.[40]   The statute of limitations for Claim (1) was therefore scheduled to expire no earlier than June 8, 2012.   Because Collins filed the instant habeas petition with this court on August 9, 2011,[41] Claim (1) is not barred by limitations.

The factual basis of Claim (4) could have been discovered no earlier than February 13, 2009, when the Parole Board revoked Collins' mandatory supervision.[42]   Claim (4) therefore accrued on the date of revocation.   However, Collins argues that he was not aware of the decision until December 6, 2010,[43] the same day he mailed his state habeas application.[44]   Since the record is unclear

---

[38]Findings of Fact and Conclusions of Law, Finding of Fact No. 12, Docket Entry No. 7-1, p. 118; Collins' Brief, Docket Entry No. 21, p. 11.

[39]Id. at 16.

[40]Action Taken, Docket Entry No. 7-1, p. 2.

[41]Collins' Petition, Docket Entry No. 1, p. 1.

[42]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings of Fact and Conclusions of Law, Finding of Fact No. 7, Docket Entry No. 7-1, p. 117.

[43]Collins' Brief, "Exhibit E" Communication Between the Parole Board and Michael Collins, Docket Entry No. 21, p. 30.

[44]Collins' Brief, Docket Entry No. 21, p. 16.

as to whether or not Collins exercised due diligence, the court declines to find that Claim (4) is barred by limitations.

    2.  <u>Merits</u>

In support of Claims (1) and (4) Collins presents the court with a PSV form 32B, which contains in Section I the following language concerning prior criminal history:  "1983-Theft, 3 yrs TDCJ-ID, revoked for present offense . . . ."[45]  In further support of Claim (1), Collins presents the court with documentation giving notice of the Parole Board's decision to deny parole, which lists multiple reasons for denial including:  "The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in absentia revocations."[46]

With respect to Claim (1) the state habeas court found that Collins had "failed to prove that the Board relied on misinformation about his parole status [in the theft case] when it denied parole in September 2010."[47]  With respect to Claim (4) the state habeas court found that Collins had failed to establish the Parole Board's reliance upon information in Section I when it revoked his mandatory supervision:

---

[45]Collins' Brief, "Exhibit A" Parole Division Adjustment Statement, Docket Entry No. 21, p. 27.

[46]Collins' Brief, "Exhibit F" Notice of Parole Panel Decision, Docket Entry No. 21, p. 33.

[47]Findings of Fact and Conclusions of Law, Conclusion of Law No. 5, Docket Entry No. 7-1, p. 118.

> The decision to revoke the applicant in February 2009 was based on the applicant's illegal drug use, and not his criminal history, as evidenced by the Board's three previous decisions to send the applicant to ISF and no change in his criminal history between the first three revocation decisions and the most recent one.[48]

Collins has not presented sufficient evidence to defeat the presumption of correctness given to state court decisions in federal habeas proceedings.  Claims (1) and (4) will be dismissed because the state habeas court's decisions were not unreasonable.

**C.   Claim (3)**

In Claim (3) Collins alleges that on February 6, 2009, a parole officer grossly abused his "authority and discretion" by making "false and misleading" entries in Collins' parole records when he indicated that Collins "was not eligible to be placed in an Intermediate Sanction Facility . . . , or eligible for Electronic Monitoring . . . ."[49]

**1.   Statute of Limitations**

Claim (3) is governed by § 2244(d)(1)(D) because the earliest Collins could have discovered the factual predicate of the claim was on February 13, 2009, the date upon which his mandatory

---

[48]Findings of Fact and Conclusions of Law, Finding of Fact No. 9, Docket Entry No. 7-1, p. 117.

[49]Collins' Brief, Docket Entry No. 21, pp. 16-18; Collins' Petition, Docket Entry No. 1, p. 7.

supervision was revoked.[50]  Claim (3) therefore accrued on the date of revocation.  However, Collins argues that he was not aware of the basis of the decision until December 6, 2010.[51]  Since the record is unclear as to whether Collins exercised due diligence, the court declines to find that the claim is barred by the statute of limitations.

    2.  <u>Merits</u>

    The Court of Criminal Appeals denied Claim (3) based on the state habeas court's finding that "[i]n deciding not to send the applicant to ISF for a fourth time, the Board was aware of his eligibility for ISF based on the Notice of Alternate Action Processing Sheet, despite his parole officer marking him ineligible on another form."[52]  Collins alleges that the form was the basis for the revocation of his mandatory supervision.[53]

    Collins has not shown that the Parole Board used the inaccurate form as a basis for revocation of his mandatory supervision.  Claim (3) will be dismissed because Collins has not

_____

    [50]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings of Fact and Conclusions of Law, Finding of Fact No. 7, Docket Entry No. 7-1, p. 117.

    [51]Collins' Brief, Docket Entry No. 21, p. 16.

    [52]Findings of Fact and Conclusions of Law, Finding of Fact No. 8, Docket Entry No. 7-1, p. 117.

    [53]Collins' Brief, Docket Entry No. 21, pp. 16-18.

successfully rebutted the presumption of correctness given to state habeas court proceedings.

**D.  Claim (5)**

   1.  <u>Statute of Limitations</u>

   Claim (5) accrued on February 13, 2009, the date on which Collins' mandatory supervision was revoked.[54]  However, Collins argues that he was not aware of the basis of the decision until December 6, 2010.[55]  Since the record is unclear as to whether or not Collins exercised due diligence, the court declines to find that this claim is barred by limitations.

   2.  <u>Merits</u>

   In Claim (5) Collins alleges that the "Parole Board failed to give timely notice" that his mandatory supervision in the murder charge had been revoked,[56] causing him "to miss the 60 day window of opportunity to appeal the Parole Board's decision to revoke his supervision."[57]  However, the state habeas court concluded that "regardless of whether [Collins] was given timely notice of the Board's decision to revoke his mandatory supervision, that

---

[54]Collins' State Brief, "Exhibit D" Parole Division Waiver/ Notice of Alternate Action, Docket Entry No. 7-1, p. 38; Findings of Fact and Conclusions of Law, Finding of Fact No. 7, Docket Entry No. 7-1, p. 117.

[55]<u>Id.</u> at 16.

[56]<u>Id.</u> at 19-20.

[57]Collins' Petition, Docket Entry No. 1, p. 8.

oversight did not deprive the applicant of any right to review of the decision" because Collins "waived his right to a hearing on the parole revocation in February 2009, and, in doing so, waived his right to reopen the proceedings."[58]   The record reflects that Collins waived his right to appeal the Parole Board's decision when he signed a waiver of his right to a revocation hearing on February 4, 2009.[59]   Collins has not provided sufficient evidence to overcome the presumption of correctness given to state court proceedings in federal habeas petitions under the AEDPA.   Claim (5) will therefore be dismissed.

**E.   Motion for Preliminary Injunction**

On March 1, 2012, Collins filed a Motion for a Preliminary Injunction.[60]   He requests that the court enjoin the Parole Board from considering "an illegal parole revocation" in future parole hearings.[61]

In order to obtain a preliminary injunction, the movant must establish that (1) there is a substantial likelihood of success on the merits of his claim, (2) there is a substantial threat he will

---

[58]Findings of Fact and Conclusions of Law, Finding of Fact No. 13, Docket Entry No. 7-1, p. 118.

[59]Parole Board Affidavit in Response to Application for Writ of Habeas Corpus, "Exhibit B" Waiver of Revocation Hearing, Docket Entry No. 7-1, p. 66.

[60]Collins' Motion for Preliminary Injunction, Docket Entry No. 17.

[61]Id. at 1.

suffer irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to the defendant, and (4) granting the preliminary injunction will not disserve the public interest. <u>Speaks v. Kruse</u>, 445 F.3d 396, 399-400 (5th Cir. 2006).  A preliminary injunction is an extraordinary remedy, and should be granted only if the movant clearly carries the burden of persuasion as to all these elements. <u>Guy Carpenter & Co., Inc. v. Provenzale</u>, 334 F.3d 459, 464 (5th Cir. 2003).

Collins has failed to establish by a preponderance of the evidence that there is a substantial likelihood he will succeed on the merits.  The relevant evidence submitted by Collins consists of a single comment on the PSV form 32B.[62]  When this evidence is weighed against the contrary evidence in the state court records,[63] which establishes that Collins' parole in the theft case was not revoked because of his murder conviction, Collins cannot show a substantial likelihood of success on the merits.  Collins' Motion for Preliminary Injunction will be denied.

**F.   Motion for Leave to Supplement Pleadings**

On June 5, 2012, Collins filed a Motion for Leave to Supplement Pleadings in the instant petition.[64]   The Court

---

[62]Collins' Motion for Preliminary Injunction, "Exhibit A" Parole Division Adjustment Statement, Docket Entry No. 17, p. 9.

[63]Parole Board Affidavit in Response to Application for Writ of Habeas Corpus, Docket Entry No. 7-1, pp. 55, 60.

[64]Collins' Motion to Supplement Pleadings, Docket Entry No. 22.

understands the attached affidavit[65] to raise an additional ground for relief.  It alleges that during Collins' parole consideration review on May 30, 2012, an institutional parole officer refused to redact mention of what Collins believes to be an illegal parole revocation from Collins' file.[66]

The AEDPA provides that:

>   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>       (A) the applicant has exhausted the remedies available in the courts of the state.

28 U.S.C. § 2254(b)(1)(A).  In order for a claim to satisfy the exhaustion requirement, the petitioner must present the claim to the highest court of his state for review.  Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).  If the claim satisfies the exhaustion requirement and a federal court can properly evaluate the petitioner's claim on the merits, habeas relief should only be granted where the state court's decision is unreasonable.  28 U.S.C. § 2254(d)(1); see Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001) (citing Williams v. Taylor, 120 S. Ct. 1495, 1522 (2000)).

Collins has failed to exhaust the claim presented in his affidavit.  Although Collins alleges in Claims (1), (2), and (4) the use of what he believes to be an illegal basis for parole

---

[65]Affidavit of Michael Collins, Docket Entry No. 22-1.

[66]See id. at 1-3.

revocation, the affidavit raises a separate claim relating to his parole review on May 30, 2012. Because Collins has not shown that he has exhausted this claim, his Motion to Supplement Pleadings will be denied.

## V.   Certificate of Appealability

Although Collins has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Collins must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing Collins must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.

For the reasons stated in this Memorandum Opinion and Order, Collins has not made a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

## VI.   Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1.  Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 13) is **GRANTED**.

2.  Collins' Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.  Collins' Motion for a Preliminary Injunction (Docket Entry No. 17) is **DENIED.**

4.  Collins' Motion for Leave to Supplement Pleadings (Docket Entry No. 22) is **DENIED.**

5.  A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 20th day of June, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL COLLINS,                    §
TDCJ-CID NO. 428106,                §
                                    §
               Petitioner,          §
                                    §
v.                                  §
                                    §        CIVIL ACTION NO. H-11-2938
RICK THALER, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
               Respondent.          §

## FINAL JUDGMENT

In accordance with the court's Memorandum Opinion and Order entered today, this action is **DISMISSED with prejudice.**

For the reasons stated in the Memorandum Opinion and Order and because petitioner has not made a substantial showing of the denial of a constitutional right, Michael Collins is **DENIED** a certificate of probable cause to appeal.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this the 20th day of June, 2012.

                                        _____
                                                SIM LAKE
                                        UNITED STATES DISTRICT JUDGE